# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| JAMES EARL MCGRIGGS, ) <br> ) <br> Plaintiff, ) <br> ) <br> VS. ) <br> ) <br> D. MICHAEL DUNAVANT, ET AL., ) <br> ) <br> Defendants. ) | No. 19-1108-JDT-cgc |

### ORDER DISMISSING COMPLAINT,
### CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
### AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On May 30, 2019, Plaintiff James Earl McGriggs, who is incarcerated at the Northeast Correctional Complex in Mountain City, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) After McGriggs submitted the necessary financial documents, the Court issued an order granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 6.) The Clerk shall record the Defendants as D. Michael Dunavant, the former District Attorney General for McNairy County, Tennessee,[1] Assistant District Attorney Bob Gray, Investigator Roger Rickman, Judge J. Weber McCraw, and the Attorney General's Office.

McGriggs alleges that he was wrongfully convicted of aggravated rape in McNairy County. (ECF No. 1 at PageID 3-4.) He contends the State wrongfully alleged that he had confessed to the

---

[1] In September 2017, Dunavant became the U.S. Attorney for the Western District of Tennessee. *See* https://www. justice.gov/usao-wdtn/meet-us-attorney.

crime and that his DNA was found. (*Id.* at PageID 4.) McGriggs has unsuccessfully appealed his conviction and sentence. (*Id.*) McGriggs states that he is willing to take a DNA test to prove his innocence, but McNairy County has refused his offer. (*Id.*) He asserts claims of wrongful prosecution, defamation of character, false imprisonment, and emotional distress. (*Id.*) McGriggs seeks an evidentiary hearing, release from prison, and unspecified compensation. (*Id.* at PageID 5.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

McGriggs filed his complaint pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

To the extent McGriggs seeks to sue the defendants in their official capacities, his claims are construed as having been brought against the State of Tennessee. *See White v. Swafford v. Gerbitz*, 860 F.2d 661, 663 n.2 (6th Cir. 1988) (noting that district attorneys general and their assistants "prosecute suits on behalf of the state, Tenn. Code Ann. § 8-7-103, and receive an annual salary payable out of the state treasury, Tenn. Code Ann. §§ 8-7-105 and 8-7-201" and therefore are employees of the State of Tennessee); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against

the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." (internal citation omitted)).

McGriggs does not state a valid claim against the State of Tennessee. The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will*, 491 U.S. at 71.[2]

McGriggs also does not state valid a claim against the Defendants in their individual capacities. McGriggs may not sue attorneys Dunavant and Gray under § 1983 for their actions as the prosecutors in McGriggs's state criminal matter. *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Howell v. Sanders*, 668 F.3d 344, 351 (6th Cir. 2012). Nor may he sue Judge McCraw for

---

[2] Although McGriggs's official-capacity claim for injunctive relief is not barred under the Eleventh Amendment, *see Will*, 491 U.S. at 71 n.10, he does not allege that the State had a practiced custom or policy that led to the violation of his constitutional rights, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). He therefore fails to state a claim for injunctive relief against the Defendants in their official capacities.

his actions as the judge presiding over that criminal matter. *See Mireles v. Waco,* 502 U.S. 9, 9-10 (1991); *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty., Ohio,* 753 F.3d 639, 648-49 (6th Cir. 2014); *Leech v. DeWeese,* 689 F.3d 538, 542 (6th Cir. 2012).

Moreover, McGriggs is barred from challenging his conviction and incarceration in this action. A prisoner may not raise claims in a civil-rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). Because success in this action would "necessarily demonstrate the invalidity of [his] confinement or its duration," and because McGriggs's conviction has not been set aside,[3] his § 1983 action is barred in its entirety and must be dismissed. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that leave to amend is not warranted.

---

[3] The Court notes that McGriggs has pending before another Judge in this district a petition for habeas corpus under 28 U.S.C. § 2254. *See McGriggs v. Crowell*, 1:19-cv-01222-JDB-jay (W.D. Tenn.) (transferred from E.D. Tenn. on Sept. 27, 2019).

In conclusion, the Court DISMISSES McGriggs's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2). Leave to amend is DENIED. To the extent McGriggs sought to assert state-law claims in this action, the Court DECLINES to exercise supplemental jurisdiction over those claims because it is dismissing all federal claims. Those state law claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by McGriggs in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if McGriggs nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, McGriggs is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by McGriggs, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This strike shall take effect when judgment is entered. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                s/ **James D. Todd**
                                                JAMES D. TODD
                                                UNITED STATES DISTRICT JUDGE